UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT PROUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV493 HEA |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Request For Reconsideration or in the Alternative Request for Certificate of Appealability, [Doc. No. 14]. Defendant opposes the Motion. For the reasons set forth below, the Motion is denied.

On August 1, 2019, the Court entered its Order of Dismissal. Thereafter, on August 5, 2019. Plaintiff filed a motion for Summary Judgment [Doc. No. 16]. Plaintiff now seeks to have the Court alter the dismissal of this action.

The Court interprets this motion to be one filed pursuant to Rule 59(e). A Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. 11 C. Wright & A. Miller, Federal

1

Practice and Procedure ' 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted). *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. New Hampshire Dept of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998),(internal punctuation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court. *ElderBKeep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at

*4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider cannot be used to raise arguments which could have been raised prior to the issuance of judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have broad discretion in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

In his Motion, Plaintiff attempts to persuade the Court to grant relief from its findings and conclusion of dismissal. Nothing has changed, nor should the Order of Dismissal in this matter be altered or amended.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Reconsider Pursuant to Rule 59(e) of the Fed.R.Civ.Proc. [Doc. No.14] is denied.

**IT IS FURTHER HEREBY ORDERED** that the Request for Certificate of Appealability is denied.

Dated this 19th day of November, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE